IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GLOBE METALLURGICAL INC. )<br>    Plaintiff,           )<br>                          )<br>    v.                    )   Civil Action No. 05-0585<br>                          )<br>WESTBROOK RESOURCES LTD., )<br>    Defendant.            ) | |

MEMORANDUM

Gary L. Lancaster,                         January 23rd, 2006
District Judge.

    This is an action in breach of contract. Plaintiff, Globe Metallurgical Inc., alleges that defendant, Westbrook Resources Ltd., failed to provide Manganese Ore of an acceptable size pursuant to an agreement between the parties. Plaintiff seeks monetary damages and a declaration of its rights under the contract. Defendant contends that a forum selection clause in the parties' contract requires that this action be brought in the courts of England. As such, Defendant has filed a motion to dismiss for improper venue [doc. no. 7].

    Based on defendant's belief that this dispute should have been brought in England, after the instant case was filed, defendant filed an independent action in the High Court of Justice in the United Kingdom. Plaintiff has filed a motion with this court to enjoin defendant from proceeding with that second-filed U.K. action [doc. no. 13].

Central to resolution of both motions is a determination of whether the contract between the parties contains a forum selection clause, subjecting all disputes under it to jurisdiction in the courts of England. The court held an evidentiary hearing on January 13, 2006 regarding this issue. Because we find that the contract between the parties contains a forum selection clause, we grant defendant's motion to dismiss. Plaintiff's motion to enjoin is moot.

I.   BACKGROUND

Representatives from Globe and Westbrook testified at the hearing and documentary evidence was submitted by both parties. The credible evidence establishes the following. Globe, located in Ohio, manufactures silicon based alloys, some of which are used in the steel industry. Westbrook, located in the United Kingdom, is a commodity broker, which sells metals it obtains from developing countries on the world markets.

Globe and Westbrook had an ongoing business relationship at the time the disputed contract was negotiated. Two contracts were entered into prior to the disputed contract; one in October of 2004, and a second in November of 2004. The disputed contract was entered in January of 2005. The parties entered into a fourth, and final, contract in February of 2005. There is no dispute that the first, second, and fourth contracts were in

writing, and were written on Westbrook paper.  There is also no dispute that these three contracts, as well as all related invoicing materials, contained Westbrook's standard terms and conditions on the back.  Both parties had a policy requiring that contracts, especially those of the size entered into between the parties, be in writing.

The parties began negotiations for Globe's purchase of the Manganese Ore at issue in this case in December of 2004.  Globe contends, in fact, that it had an oral contract with Westbrook for the purchase of 22,000 metric tons of Manganese Ore at a price of $3.50 per unit at least as early as the end of December and no later than January 6, 2005.  According to Globe, the various draft agreements exchanged after January 6, 2005 were simply competing written confirmations of a prior oral agreement.  As such, Globe alleges that they are subjected to the so-called "battle of the forms" analysis under section 2-207 of the Uniform Commercial Code.  Globe concludes that under that analysis, Westbrook's forum selection clause is "knocked out" because it is a material term.

Westbrook, on the other hand, contends that the parties did not reach an agreement on the Manganese Ore deal until January 21, 2005, when Westbrook e-mailed, faxed, and mailed a signed copy of its contract to Globe.  According to Westbrook, the January 21, 2005 contract incorporated by reference, Westbrook's

3

standard terms and conditions, which included a forum selection clause requiring that all disputes be brought in the courts of England.

II.  DISCUSSION

We reject Globe's contention that the parties had an oral contract no later than January 6, 2005 for two reasons:

First, as we stated above, both parties had a policy and practice of putting their contracts in writing.

Second, the quantity and price terms changed between the alleged January 6, 2005 contract and the final contract.  There is no dispute that the final contract between the parties for Manganese Ore was for 8,000 metric tons of Manganese Ore at $3.42, followed by 22,000 metric tons of Manganese Ore at $3.50. Both Globe's U.S. complaint and Westbrook's U.K. complaint sue upon these exact quantity and price terms.  These quantity and price terms do not appear in the record of the parties' negotiations until January 19, 2005, when Globe sent a draft written contract to Westbrook.  Regardless of *why* the quantity and price terms changed, they changed and the change was material.  As such, the earliest date on which the parties could have reached an agreement on the contract that both parties seek to enforce was January 19, 2005.

Based on that finding, we similarly reject Globe's contention that this is a "battle of the forms" case. There was no "battle of the forms" after January 19, 2005. Westbrook rejected Globe's January 19, 2005 proposed contract, explicitly stating that it refused to contract on non-Westbrook forms. Globe then asked Westbrook, several times, to send it an agreement using a Westbrook form. Westbrook did so on January 20, 2005 and again on January 21, 2005. No further "forms" were exchanged; Westbrook's form had nothing against which to "battle".

There is no evidence in the record indicating that, after Westbrook sent the signed contract to Globe on January 21, 2005, Globe rejected Westbrook's terms, made a counteroffer, or did anything to indicate that it was not in agreement with the Westbrook contract. Rather, following the January 21, 2005 communication, both parties performed on the contract. While there is a dispute as to whether one, or both, parties' performance was deficient, the fact remains that the parties acted as though they had an agreement for the purchase of 30,000 metric tons of Manganese Ore, and set forth to fulfill that agreement. And perhaps most tellingly, both parties subsequently sued on a contract for the purchase of 30,000 metric tons of Manganese Ore. Therefore, we find that the parties contracted pursuant to Westbrook's January 21, 2005 contract.

We must next determine whether the forum selection clause, found on the back of Westbrook's contract, is enforceable against Globe. Globe contends that it did not receive the contract by regular mail at the time, and therefore, was not able to see the back of the form and should not be bound by it. We reject Globe's argument. There is no dispute that Globe received the Westbrook form by fax and by e-mail. Those versions of the contract made clear reference to Westbrook's standard terms and conditions overleaf. Even if Globe is correct that it did not receive the document by regular mail, Globe, as a merchant, had a duty to inquire as to the content of the terms and conditions that Westbrook sought to incorporate by reference. Standard Bent Glass Corp. v. Glassrobots OY, 333 F.3d 440, 447-48 & n.10 (3d Cir. 2003).

Globe submitted no evidence that incorporation by reference would result in surprise or hardship, other than its assertion that it did not receive the contract by regular mail. Id. at 448. Given the fact that there was a clear reference to the terms and conditions on the face of the document, and given that Globe admitted that all other Westbrook paper in its files had the same terms and conditions on the back, we discredit that sole assertion of "surprise". Globe, likewise, has submitted no evidence that the forum selection clause was obtained through fraud or coercion, or would deny it its day in court. The Bremen

v. Zapata Off-Shore Co., 407 U.S. 1, 15 (1972). As such, the forum selection clause is enforceable.

III.   CONCLUSION

As a result of the above findings, all actions under the contract must be brought in the courts of England. Therefore, this case will be dismissed.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

```
GLOBE METALLURGICAL INC.      )
        Plaintiff,            )
                              )
    v.                        )   Civil Action No. 05-0585
                              )
WESTBROOK RESOURCES LTD.,     )
        Defendant.            )
```

ORDER

Therefore, this 23rd day of January, 2006, IT IS HEREBY ORDERED that defendant's motion to dismiss for improper venue [doc. no. 7] is GRANTED.

IT IS FURTHER ORDERED that plaintiff's motion to enjoin defendant from proceeding with the U.K. action [doc. no. 13] is MOOT.

The Clerk of Court is directed to mark this case CLOSED.

BY THE COURT:

_____, J.

cc:   All Counsel of Record